UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

BERNARD C. MCGEE,

    Petitioner,

v.                                           Case No. 4:16cv659/RH/CJK

JULIE L. JONES,

    Respondent.
_____/

## REPORT AND RECOMMENDATION

Before the court is a petition for writ of habeas corpus filed under 28 U.S.C. § 2254. (Doc. 1). Respondent moves to dismiss the petition as an unauthorized second or successive habeas corpus application. (Doc. 14). Petitioner responds that the court should consider his petition because the state court lacked "personam jurisdiction" and because "the conviction stands on insufficient evidence to sustain guilt," grounds he says were not asserted in any prior § 2254 petition. (Doc. 16). The matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B). After consideration, the undersigned concludes that no evidentiary hearing is required for the disposition of this matter. Rule 8(a) of the Rules Governing Section 2254 Cases in the United States District Courts. The undersigned further concludes that the

pleadings and attachments before the court show that the petition is an unauthorized "second or successive" habeas corpus application under 28 U.S.C. § 2244(b)(3)(A); that petitioner failed to obtain the requisite authorization before filing this petition; and that this case should be dismissed for lack of jurisdiction.

## BACKGROUND AND PROCEDURAL HISTORY

Petitioner is an inmate of the Florida penal system currently confined at Liberty Correctional Institution in Bristol, Florida. He challenges here his 2004 judgment of conviction for robbery with a firearm entered in Leon County Circuit Court Case Number 04-CF-162, for which he received a 40-year sentence. (Doc. 1). Petitioner challenges his criminal judgment on the grounds that the trial court lacked personal jurisdiction over him due to a defect in the indictment, and that there was insufficient evidence to support his conviction. (*Id.*, pp. 7-17 in ECF).

Petitioner denies on the petition form that he previously challenged his 2004 criminal judgment in a § 2254 petition. (Doc. 1, p. 20 in ECF). The court, however, takes judicial notice of its own records which confirm that this is petitioner's second § 2254 petition challenging the 2004 criminal judgment. Petitioner's first § 2254 petition was filed on September 11, 2008. (*See McGee v. Sec'y, Dep't of Corr.*, Case No. 4:08cv111/RH/GRJ, Doc. 1). The petition, which raised eight grounds for relief, was denied on the merits on September 19, 2011. (*See* Case No. 4:08cv111, Doc.

28 (Report and Recommendation); Doc. 32 (Order adopting Report and Recommendation and denying petition); and Doc. 33 (Judgment)). The Eleventh Circuit affirmed on May 8, 2013. *McGee v. Sec'y, Fla. Dep't of Corr.*, 518 F. App'x 774 (11th Cir. May 8, 2013).

## DISCUSSION

Title 28 U.S.C. § 2244(b)(3)(A) provides: "Before a second or successive [habeas corpus] application . . . is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." *See also* Rule 9, Rules Governing Section 2254 Cases in the United States District Courts (2015) ("Before presenting a second or successive petition, the petitioner must obtain an order from the appropriate court of appeals authorizing the district court to consider the petition as required by 28 U.S.C. § 2244(b)(3) and (4)."). A district court lacks jurisdiction to consider a "second or successive" habeas corpus petition that was not previously authorized by an appellate court. *See Burton v. Stewart*, 549 U.S. 147, 152, 157, 127 S. Ct. 793, 166 L. Ed. 2d 628 (2007) (holding that the district court lacked jurisdiction to entertain the petitioner's second § 2254 habeas petition contesting the same custody imposed by the same judgment of a state court, because the prisoner failed to obtain an order

from the court of appeals authorizing him to file the petition); *Fugate v. Dep't of Corr.,* 301 F.3d 1287, 1288 (11th Cir. 2002) (same).

The present petition is a "second or successive" habeas corpus application within the meaning of § 2244(b). Because petitioner did not first obtain the Eleventh Circuit's permission to file a second or successive habeas corpus petition, this court lacks subject-matter jurisdiction to consider the petition. None of the arguments raised in petitioner's response provides a basis to avoid dismissal.

## CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides: "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." If a certificate is issued, "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." 28 U.S.C. § 2254 Rule 11(a). A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. *See* 28 U.S.C. § 2254 Rule 11(b).

"[Section] 2253(c) permits the issuance of a COA only where a petitioner has made a 'substantial showing of the denial of a constitutional right.'" *Miller-El v. Cockrell*, 537 U.S. 322, 336, 123 S. Ct. 1029, 154 L. Ed. 2d 931 (2003) (*quoting* 28 U.S.C. § 2253(c)). "At the COA stage, the only question is whether the applicant

has shown that 'jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further.'" *Buck v. Davis*, 580 U.S. —, 137 S. Ct. 759, 774, 197 L. Ed. 2d 1 (2017) (*quoting Miller-El*, 537 U.S. at 327). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 120 S. Ct. 1595, 1604, 146 L. Ed. 2d 542 (2000) (emphasis added). The petitioner here cannot make the requisite showing. Accordingly, the court should deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Rule 11(a), Rules Governing Section 2254 Cases. If there is an objection to this recommendation by either party, that party may bring such argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is respectfully RECOMMENDED:

1. That respondent's motion to dismiss (doc. 14) be GRANTED.

2. That the petition for writ of habeas corpus (doc. 1) be DISMISSED for lack of jurisdiction as an unauthorized second or successive habeas corpus application.

3. That the clerk be directed to close the file and to send petitioner the Eleventh Circuit's form application for leave to file a second or successive petition.

4. That a certificate of appealability be DENIED.

At Pensacola, Florida this 24th day of August, 2017.

*/s/* **Charles J. Kahn, Jr.**
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within 14 days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon the magistrate judge and all other parties. A party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.